IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. |
| v. | ) | |
| | ) | |
| AMERICA'S WHOLESALE LENDER, | ) | |
| et al., | ) | |
| | ) | Removed from the Superior |
| | ) | Court of Fulton County |
| Defendant | ) | File No. 2018CV302813 |
| | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Countrywide Home Loans, Inc.[1] ("Countrywide" or "Removing Defendant"), by and through counsel and hereby files this Notice of Removal (the "Notice") seeking to remove this action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is

[1] Plaintiff named America's Wholesale Lender ("AWL") as a Defendant in the Complaint. As discussed in more detail *infra*, Plaintiff's original lender as identified in the security deed is "America's Wholesale Lender." America's Wholesale Lender is a "doing business as" (*i.e.*, "trade" or "assumed") name for Countrywide Home Loans, Inc. This Court may take judicial notice pursuant to Fed. R. Evid. 201(d), that the entity known as America's Wholesale Lender is the trade name for Countrywide Home Loans, Inc. *See Fraley v. America's Wholesale Lender, et al.*, No. 1:13-CV-03151-HLM (N.D. Ga. Oct. 29, 2013) [Doc. 14, at 10-14]; *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014) ("[A] court has wide discretion to take judicial notice of appropriate adjudicative facts at any stage in a proceeding . . . .").

also based upon diversity jurisdiction because Plaintiff, Janet Hill ("Plaintiff") and Removing Defendant have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00. In support of this Notice, Removing Defendant states as follows:

## I. Background.

1. This Complaint was filed by Plaintiff in the Superior Court of Fulton County, Georgia on March 23, 2018, and on July 26, 2018, Plaintiff filed an "Amended Complaint to Establish Title Against All the World" (the "Complaint" or "Compl."). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Removing Defendant is attached as **Exhibit A**.[2]

[2] Upon information and belief, Plaintiff attempted to serve AWL rather than Countrywide with a copy of the Summons and Complaint via personal service by the Gwinnett County Sheriff's Deputy on August 2, 2018. Moreover, it appears that the Summons was issued to Defendant AWL and not to Countrywide. As noted *supra*, Footnote 1, AWL is not a legal entity, and instead is a "doing business as" for Countrywide. On August 28, 2018, Plaintiff filed a Sheriff's Entry of Service that purported to personally serve AWL upon the Registered Agent listed for Countrywide. Thus, for purposes of this Notice of Removal, Countrywide shall consider Plaintiff's personal service of the Summons and Complaint upon the Registered Agent for Countrywide. Under Georgia's Civil Practice Act, service of process must be made on a corporation by personally serving the president or other officer of such corporation or managing agent, or a registered agent. *See* Fed. R. Civ. P. 4(h); O.C.G.A. § 9-11-4(e); *Hunt v. Nationstar Mortgage, LLC*, 684 Fed. App'x 938 (11th Cir. 2017). The Summons was issued to Defendant AWL, and the name and address listed on the Sheriff's Entry of Service was for AWL. However, as noted, AWL is a d/b/a for Countrywide, and Plaintiff personally served the Registered Agent for Countrywide. *See* **Exhibit A, (**Sheriff's Entry of Service). At the time of filing this Removal, a review of the docket in Superior Court of Fulton County, Georgia, Civil Action No. 2018CV302813, reflects that Plaintiff has not filed a Sheriff's Entry of Service or Return of Service of process upon Countrywide.

2. Upon information and belief, on August 2, 2018, Plaintiff personally served Defendant Countrywide with a copy of the Summons and Complaint via a Gwinnett County Sheriff's Deputy upon the Registered Agent for Defendant Countrywide. On August 28, 2018, Plaintiff filed a Sheriff's Return of Service, and as such, the time for Defendant Countywide to answer the Complaint begins on the date the Sheriff's Return of Service was filed pursuant to O.C.G.A. § 9-11-4(h). Countrywide reserves the right to raise any defenses related to improper service and/or improper service of process, *see* 28 U.S.C. § 1448 (defective or failed service prior to removal must be completed pursuant to Federal Rules of Civil Procedure after removal), and this Notice of Removal should not be construed as acceptance of service. "Service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." *Abele v. City of Brooksville, Fla.*, 273 Fed. App'x 809, 811 (11th Cir. 2008). Thus, Removing Defendant does not waive its right to contest or raise defenses relating to personal jurisdiction and improper service and/or improper service of process.

3. The Plaintiff's residential real property subject to the Complaint is known as 543 Auburn Avenue, Atlanta, Georgia 30312 (the "Property").

(Complaint, ¶¶ 1-3). Plaintiff acknowledges that she executed a Note (the "Note") and Deed to Secure Debt (the "Security Deed") with his original lender AWL d/b/a Countrywide, dated October 6, 2005. (Compl. ¶¶ 5-9). The Security Deed named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Countrywide's successors and assigns. (Compl. ¶¶ 2-6). On June 1, 2011, MERS assigned, transferred, sold, conveyed, and set over all its rights, title, and interests in the Security Deed to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58 ("BONY"), as evidenced by that certain assignment (the "Assignment") of Security Deed. (Compl. ¶¶ 7-9).

4. Defendant asserts that Plaintiff failed to tender timely monthly mortgage payments pursuant to the terms of the Note and Security Deed. However, Plaintiff filed the Complaint on March 23, 2018, and the foreclosure sale was not completed.

5. In the Complaint Plaintiff alleges claims for: (1) Fraudulent Loan Origination; (2) Misrepresentations and Mischief under Banking Laws; (3) Violation of O.C.G.A. § 14-2-204; (4) Declaratory Judgment; (5) Request to Void Mortgage; (6) Slander of Title (7) Breach of Contract and Wrongful Foreclosure,

and (8) Breach of Covenant of Good Faith and Fair Dealing. In addition, Plaintiff asserts a non-enumerated claim for Quiet Title. (*See gen*. Compl.).

**II. This Notice of Removal is Timely Filed in the Proper Venue.**

6. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because, upon information and belief, it appears that on August 2, 2018, Plaintiff personally served a copy of the Summons and Complaint via a Gwinnett County Sheriff's Deputy upon the Registered Agent for Defendant Countrywide. On August 28, 2018, Plaintiff filed a Sheriff's Return of Service, and as such, the time for Defendant Countywide to answer the Complaint begins on the date the Sheriff's Return of Service was filed pursuant to O.C.G.A. § 9-11-4(h). Accordingly, the time period for responding to the Complaint and for filing for removal has not run. *See* 28 U.S.C. § 1446(b)(2)(B). Defendant reserves the right to raise any defenses related to improper service and/or improper service of process, *see* 28 U.S.C. § 1448 (defective or failed service prior to removal must be completed pursuant to Federal Rules of Civil Procedure after removal), and this Notice of Removal should not be construed as acceptance of service.

7. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes of action. The United States District Court for the Northern District of Georgia, Atlanta Division, is the proper place to file

this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending. *See*, 28 U.S.C. § 90(a)(2).

**III. This Court Has Diversity Jurisdiction.**

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

9. Plaintiff reports her address as the same as the Property at issue in the Complaint. Moreover, Plaintiff alleges in the Complaint that she is a resident of Fulton County, Georgia. Upon information and belief, and based on the allegations in the Complaint, Plaintiff is a resident of Fulton County, Georgia and intends to remain in Georgia indefinitely. *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish contrary."). Since Plaintiff is domiciled in Georgia, she is a Georgia citizen. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

10. Defendant Countrywide is incorporated in New York and maintains

its principal place of business in California. Accordingly, Defendant Countrywide is a citizen of both New York and California for diversity of citizenship purposes.

11. The presence of Defendants Doe or do not defeat diversity. Defendants Doe are nominal or fraudulently joined defendants and therefore, their citizenship may be disregarded. *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1332 (11th Cir. 2011). Aside from the vague and non-specific allegations, there are no legitimate claims asserted against unnamed Defendants Doe in the Complaint. Plaintiff's Complaint fails to include any particularized factual allegations against Defendants Doe to support their inclusion as a parties to this lawsuit. *Shannon v. Albertelli Firm, P.C.,* 610 Fed. App'x 866, No. 14-11832, 2015 WL2114055 (11th Cir. May 7, 2015) (holding foreclosure law firm was fraudulently joined and no possible cause of action based upon purported defect in the notice of sale). Plaintiff does not make any allegations as to how, if at all, any of these so called fictitious entities were involved with the mortgage or the Property that is the subject of this suit. Accordingly, Defendants Doe are fraudulently joined defendants as there is no possibility that Plaintiff can prove a cause of action. The citizenship of the fictitious Defendants Doe may be disregarded, and Defendants Doe need not join or consent in this Removal. *GMFS, LLC v. Bounds*, 275 F. Supp. 2d 1350 (S.D. Ala. 2003).

12. Therefore, complete diversity of citizenship exists between Plaintiff and Removing Defendant.

**IV. The Amount In Controversy Requirement is Satisfied.**

13. Although Removing Defendant denies that Plaintiff is entitled to recover any amount and specifically denies that Plaintiff is entitled to the relief in the various forms sought, the Complaint's allegations place in controversy more than $75,000.00, exclusive of interests and costs. Plaintiff does not pray for a sum certain in the Complaint, but it is evident that the amount in controversy exceeds $75,000.00. Since the Plaintiff fails to plead an exact amount of damages, the object of the litigation is used to determine the amount in controversy. Where a party seeks equitable and/or injunctive relief, the value of the property or the object of the litigation determines the amount in controversy for purposes of diversity jurisdiction. *See Roper v. Saxon Mort. Servs., Inc.*, 2009 U.S. Dist. LEXIS 37794, *2 (N.D. Ga. May 5, 2009) (citing *Waller v. Prof's Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961)); *see also Leonard v. Enter. Rent-A-Car*, 279 F.3d 967, 973 (11th Cir. 2002) (holding that "[t]he value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the reimbursement object of the litigation that would flow to the Plaintiffs if the injunction were granted").

14. Plaintiff seeks equitable relief in the form of declaratory relief to rescind the security deed, and to Quiet Title removing the Security Deed. Plaintiff asserts claims seeking to forever estop Removing Defendant from having or claiming any right or title to the premises adverse to Plaintiff. Where a party seeks equitable relief, the value of the property - in addition to the specific compensatory damages plead - determines the amount in controversy for purposes of diversity jurisdiction. *Leonard v. Enter. Rent-A-Car*, 279 F.3d 967, 973 (11th Cir. 2002). The appraised value for a property tax determination is an acceptable measurement of a property's value for purposes of diversity jurisdiction and the Court can take judicial notice of the tax value. *Henderson v. Sun Pharms. Indus.*, 809 F. Supp. 2d 1373, 1379 (N.D. Ga. 2011) ("The Court is permitted to take judicial notice of documents made publicly available by a government entity.").

15. Since Plaintiff's request for the Court to cancel the Security Deed and issue a permanent injunction would prevent Removing Defendant from recouping the value of the Property against the outstanding debt owed, there is at least $511,607.16 in dispute that is still owed on the loan, as shown in the recorded Security Deed. Plaintiff admits the Note was secured by the Property as evidenced by the Security Deed. (Compl. ¶¶ 5-7). Additionally, according to the Board of Tax Assessors for Fulton County, Georgia, the 2018 appraised value of the

Property is $350,900.00. (A copy of the 2018 Tax Year Value Information is attached as **Exhibit B**.)[3]

16. Accordingly, Removing Defendant has proven by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000][4] jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc.*, 204 F3d 1069 (11th Cir. 2000).

17. In sum, this Court has diversity jurisdiction in this action because (i) there is complete diversity of citizenship between the properly joined parties - excluding the fraudulently or nominally joined defendants, and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue. Accordingly, as the state court lawsuit is pending in the Superior Court of Fulton County, Georgia, Removing Defendant is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

[3] Judicial notice of public records and other adjudicative facts "may be taken at any stage of the proceeding." Fed. R. Evid. 201(f); *see also Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice).

[4] *Tapscott* was based on the former $50,000 jurisdiction amount under 28 U.S.C. § 1332 as it existed prior to the effective date of the October 19, 1996, amendment raising the jurisdiction amount to $75,000, so the actual quote from *Tapscott* says "$50,000."

**V. Consent of Removing Defendant.**

18. This Notice is filed on behalf of Removing Defendant and is based upon all properly joined and served parties.

**VI. Notice of Removal Filed in Superior Court of Fulton County, Georgia.**

19. Concurrently with this Notice, Removing Defendant will file a copy of this Notice with the Superior Court of Fulton County, Georgia.

WHEREFORE, Removing Defendant files this Notice of Removal and removes the civil action to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 27th day of September, 2018.

/s/ Paul A. Rogers
Paul A. Rogers
Georgia Bar No. 612278
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5636 (Telephone)
(404) 443-5772 (Facsimile)
progers@mcguirewoods.com

*Attorneys for Defendant Countrywide Home Loans, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. |
| v. | ) | |
| | ) | |
| AMERICA'S WHOLESALE LENDER, | ) | |
| et al., | ) | |
| | ) | Removed from the Superior |
| | ) | Court of Fulton County |
| Defendant | ) | File No. 2018CV302813 |
| | ) | |

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on September 27, 2018, I electronically filed the foregoing ***Notice of Removal*** with the Clerk of the Court using the CM/ECF System and served a true and correct copy of same on the following via First-Class Mail, postage prepaid, addressed to:

Janet Hill
543 Auburn Avenue, N.E.
Atlanta, Georgia 3312

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court, pursuant to L.R. 5.1.

/s/ Paul A. Rogers
Paul A. Rogers