IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, et al.,<br><br>Defendant | ) | CIVIL ACTION FILE<br>NO. 1:18-cv-04530-TWT-JFK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Countrywide Home Loans, Inc.[1] ("Countrywide" or "Defendant"), by and through counsel, respectfully submit this memorandum in support of their concurrently filed Motion to Dismiss the "Amended Petition to Establish Title Against All The World" ("Complaint" or "Compl.") filed by

[1] Plaintiff named America's Wholesale Lender ("AWL") as a Defendant in the Complaint. As discussed in more detail *infra*, Plaintiff's original lender as identified in the security deed is "America's Wholesale Lender." America's Wholesale Lender is a "doing business as" (*i.e.*, "trade" or "assumed") name for Countrywide Home Loans, Inc. This Court may take judicial notice pursuant to Fed. R. Evid. 201(d), that the entity known as America's Wholesale Lender is the trade name for Countrywide Home Loans, Inc. *See Fraley v. America's Wholesale Lender, et al.*, No. 1:13-CV-03151-HLM (N.D. Ga. Oct. 29, 2013) [Doc. 14, at 10-14]; *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014) ("[A] court has wide discretion to take judicial notice of appropriate adjudicative facts at any stage in a proceeding . . . .").

Plaintiff Janet Hill ("Plaintiff"), pursuant to Fed. R. Civ. P. 8(a) for failure to provide a short, plain statement of any claim, and 12(b)(6) for failure to state a claim upon which relief may be granted. In support of their Motion to Dismiss, Defendant provides the following memorandum of points and authorities.

## I. INTRODUCTION

This lawsuit arises out of Plaintiff's efforts to stall a lawful non-judicial foreclosure sale, following her failure to make the required mortgage payments for several years. Plaintiff has engaged in a campaign of vexatious litigation in an attempt to hinder and delay a lawful non-judicial foreclosure sale of her property despite her failure to tender the mortgage payments for several years. This is Plaintiff's ***eighth*** lawsuit against Defendant involving the same loan and the same property.[2] In addition, Plaintiff has also filed ***two*** bankruptcy cases, in bad faith and in an attempt to prevent a foreclosure sale.[3] However, Plaintiff fails to allege

---

[2] In addition to the current case, Plaintiff has filed seven (7) prior cases. *See Hill v. Bank of America, N.A.*, 1:11-cv-02991-JOF (N.D. Ga.); *Hill v. The Bank of New York Mellon, et al.*, 1:12-cv-04344-WSD (N.D. Ga.); *Hill v. America's Wholesale Lender, et al.*, 1:13-cv-03159-TWT (N.D. Ga.); *Hill v. America's Wholesale Lender, et al.*, 1:14-cv-00882-TWT (N.D. Ga.); *Hill v. The Bank of New York Mellon, et al.*, 1:14-cv-01577-TWT (N.D. Ga.), *Hill v. America's Wholesale Lender, et al.*, Superior Court of Fulton County, Georgia, Civil No. 2014CV242753, and *Hill v. Mortgage Electronic Registration System, Inc.*, Superior Court of Fulton County, Georgia Civil No. 2016CV274425.

[3] *In re Janet Hill*, 14-56523-JRS (Bankr. N.D. Ga.); and *In re Janet Hill*, 15-58483-PMB (Bankr. N.D. Ga.).

any facts supporting a conclusion of wrongful conduct by Defendant, and Plaintiff otherwise fails to state any claim against Defendant. The Complaint lacks the factual and legal support necessary to permit this suit to proceed. Simply stated, the case *sub judice* has no merit and utterly fails to state any claim for relief. Plaintiff's Complaint is an indecipherable hodge-podge of vague allegations, conclusory statements, and a few legal buzzwords from which Defendant is forced to attempt to glean cognizable claims. Moreover, the Complaint is particularly difficult to respond to because it asserts an assortment of confusing legal conclusions and misnomers, with no comprehensible facts to support the claims. As a result, Plaintiff fails to state a claim for relief for at least four (4) reasons.

First, the Complaint is barred by the doctrines of res judicata and collateral estoppel. This is Plaintiff's ***eighth*** lawsuit against Defendant, or the Defendant's successor, involving the same loan and the same property. Second, all of Plaintiff's claims are barred by the applicable statute of limitations and should be dismissed as a matter of law. Third, the Complaint fails to place Defendant on reasonable notice of the legitimate substance of the dispute, the allegations made against Defendant, or the relief sought for the alleged wrongdoings. The Complaint is a blatant shotgun pleading that fails to comply with Federal Rules of Civil

Procedure 8(a) and fails to state a claim for relief pursuant to Rule 12(b)(6). Fourth, to the extent that Defendant has been able to decipher purported legal theories and causes of action from the Complaint, each are plainly based on flawed legal theories repeatedly rejected.

While nearly impossible to discern, it appears that the Complaint primarily asserts a claim for quiet title seeking to remove "clouds on Plaintiff's title" to land, pursuant to O.C.G.A. § 23-3-60 *et seq*. Essentially, Plaintiff erroneously alleges that Defendant America's Wholesale Lender d/b/a Countrywide misrepresented that it was a corporation organized and existing pursuant to the laws of the State of New York, and it could not have contracted with Plaintiff, as it was not in existence at the time, and was not a lender licensed to lend money in the State of Georgia. In turn, Plaintiff alleges that the security deed between Plaintiff and Defendant are null and void by operation of law, as it is a legal impossibility for a nonexistent entity to enter into a contract. The Complaint seeks equitable relief to declare that Defendant has no interest in the property. Plaintiff also seeks other various forms of equitable relief to enjoin a foreclosure sale of the property, and a claim for fraud asserting that the security deed is false and fraudulent. Essentially, Plaintiff is attempting void Defendant's security deed, and retain possession and ownership of property for which she has not paid.

Simply stated, the case *sub judice* has no merit and utterly fails to state any claim for relief. In sum, Plaintiff's entire Complaint fails as a matter of law and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), without leave to amend.

## II. FACTUAL ALLEGATIONS[4]

The real property that appears to be subject to the Complaint is known as 543 Auburn Avenue, Atlanta, Georgia 30312 (the "Property"). [Doc. 1-1, at 6]. On October 6, 2005, Plaintiff obtained a loan from her original lender America's Wholesale Lender ("AWL"), and executed a Note (the "Note") in the principal amount of in the principal amount of $464,000.00. [Doc. 1-1, at 5-7, 18-34]. In connection with her Note, Plaintiff executed a Security Deed (the "Security Deed") dated October 6, 2005, in favor of MERS, as nominee and grantee for AWL, and its successors and assigns. [Doc. 1-1, at 18-34]. The Security Deed is recorded with the Clerk of Superior Court of Fulton County, Georgia, Book 41205, Page 241. A true and correct copy of the Security Deed is attached hereto and marked

[4] The "facts" set forth below are taken from the Complaint and documents that are either attached to, or referenced in, the Complaint and therefore can properly be considered by the Court in connection with this Motion to Dismiss. *See* FED. R. CIV. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). These "facts" are presented only for purposes of this Motion; Defendants do not admit them by including them here.

as **Exhibit A**.[5] Thereafter, on June 1, 2011, MERS, as nominee of AWL and its successors and assigns, granted, transferred, sold, assigned, conveyed and set over all its rights, title, and interests in and to the Security Deed to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58 ("BONY") as evidenced by that certain assignment (the "Assignment") of Security Deed recorded on June 14, 2011, at Deed Book 50135, Page 399, in the Fulton County, Georgia real property records. A true and correct copy of the Assignment is attached hereto and incorporated herein by reference marked as **Exhibit B**.

As a result of Plaintiff's failure to make the loan payments, a non-judicial foreclosure of the Property was initiated. Prior to the completion of the foreclosure sale, Plaintiff filed a Complaint. On July 29, 2011, Plaintiff filed a Complaint

[5] In deciding a Motion to Dismiss, the Court may consider the facts alleged on the face of the Complaint, as well as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the compliant." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997); *Universal Express, Inc. v. United States SEC,* 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice). The Security Deed and Assignment are central to Plaintiff's claims and may be considered without converting Defendants' Motion to Dismiss to one for summary judgment. *See Maxcess, Inc. v. Lucent Techs., Inc.* 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). The Court is permitted to take judicial notice pursuant to Fed. R. Evid. 201(d), of the Security Deed, attached as **Exhibit A** and the Assignment attached as **Exhibit B,** which are public records, without requiring the Court to convert the Motion to Dismiss to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(d).

against Bank of America, Inc. (an improper corporate designation) ("Bank of America") in the Superior Court of Fulton County, Georgia (Civil Action No. 2011CV203839) (hereinafter "Hill #1"). Bank of America removed the Hill #1 matter to this Court (Civil Action No. 1:11-cv-02991-JOF). Plaintiff argued that despite her default on her loan, she should not be subject to foreclosure proceedings. On February 28, 2012, Judge Forrester entered an Order granting Plaintiff's Motion to Amend Complaint and also granting Bank of America's Motion to Dismiss the Amended Complaint. ("Dismissal Order 1"). (Civil Action No. 1:11-cv-02991-JOF, Doc. 15). The Amended Complaint named the following Defendants: Bank of America, N.A. ("BANA"), ReconTrust Company, N.A., BAC Home Loans Servicing, LP, Countrywide Financial Corporation, Countrywide Home Loans, Inc. ("Countrywide"), Full Spectrum Lending, Inc., and Countrywide Home Loans Servicing, L.P. ("CWHLS"). (Civil Action No. 1:11-cv-02991-JOF, Doc. 12, Ex. A). Plaintiff appealed the Order dismissing her Complaint to the Eleventh Circuit Court of Appeals, which affirmed the decision of the District Court on March 12, 2013. *See Hill v. Bank of Am., Inc.*, 512 F. App'x 905 (11th Cir. 2013). A true and correct copy of the Dismissal Order 1 is attached hereto and incorporated herein by reference marked as **Exhibit C.**[6]

[6] *See* Footnote 5.

On July 30, 2012, Plaintiff filed a second Complaint against The Bank of New York Mellon f/k/a The Bank of New York, as trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Electronic Registration Systems, Inc., Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BANA") and Countrywide Home Loans, Inc. ("Countrywide"). The action was filed in the Superior Court for Fulton County, after which Defendants removed the case to this Court. (Civil Action No. 1:12-cv-04344-WSD) (hereinafter "Hill #2"). Again, Plaintiff asserted various allegations related to her mortgage loan in an attempt to avoid foreclosure. The Hill #2 matter was voluntarily dismissed by Plaintiff on June 12, 2013. (Civil Action No. 1:12-cv-04344-WSD, Doc. 9).

Plaintiff next filed a Complaint for Declaratory and Injunctive Relief on March 1, 2013 in the Superior Court of Fulton County, Georgia (hereinafter "Hill #3") against America's Wholesale Lender, Mortgage Electronic Registration Systems, Inc., and The Bank of New York Mellon f/k/a The Bank of New York, as trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58. Defendants removed the Hill #3 matter to this Court on September 23, 2013. (Civil Action No. 113-cv-03159-TWT, Doc. 1). Again, Plaintiff asserted various allegations related to her mortgage loan in an attempt to avoid foreclosure.

Plaintiff voluntarily dismissed the Hill #3 matter on February 13, 2014. (Civil Action No. 113-cv-03159-TWT, Doc. 12).

On February 25, 2014, only 12 days after her last voluntary dismissal, Plaintiff filed a Complaint for Damages in the Superior Court of Fulton County, Georgia, Case No. 2014CV242753 (hereinafter "Hill #4") against America's Wholesale Lender, The Bank of New York Mellon f/k/a The Bank of New York, as trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58, Mortgage Electronic Registration Systems, Inc., Bayview Loan Servicing, LLC, and Shuping Morse & Ross, LLP. On June 4, 2014, the Superior Court dismissed Plaintiff's action on the basis of *res judicata* and/or collateral estoppel, noting that Plaintiff had already filed three prior actions involving the same and/or related entities arising out of the same set of facts and circumstances. (Civil Action No. 2014CV242753, Dismissal Order 2). A true and correct copy of the Dismissal Order 2 is attached hereto and incorporated herein by reference marked as **Exhibit D.**[7]

On March 27, 2014, while her action in Hill #3 remained pending in state court, Plaintiff filed a Complaint for Damages in this Court, Case No. 1:14-cv-0882-TWT (hereinafter "Hill #5"), against the identical Defendants named in Hill

[7] *See* Footnote 5.

#4. Again, Plaintiff asserted various allegations related to her mortgage loan in an attempt to avoid foreclosure. Upon filing of Plaintiff's Complaint in Hill #5, this Court construed Plaintiff's Complaint as a Motion for Temporary Restraining Order. Judge Totenberg issued an Order denying Plaintiff's request for injunctive relief via an Order dated March 27, 2014. (Civil Action No. 1:14-cv-0822-TWT, Doc. 3.) In that Order, Judge Totenberg examined the Complaint and held "Plaintiff's claim, as currently pled, is meritless." (*Id*. at p. 3). The Order went on to state, "As Plaintiff has no chance of success on her claims as currently pled" her motion for a temporary restraining Order is denied. (*Id.* at p. 4). Plaintiff voluntarily dismissed the Hill #5 matter on April 28, 2014. (Civil Action No. 1:14-cv-00882-TWT, Doc. 6).

On May 23, 2014, Plaintiff filed a Complaint in this Court, Case No. 1:14-cv-01577-TWT (hereinafter Hill # 6) against The Bank of New York Mellon f/k/a The Bank of New York, as trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58, and America's Wholesale Lender, asserting claims for Quiet Title and Declaratory Relief. On June 23, 2014, Defendants filed a Motion to Dismiss the Complaint, and on August 6, 2014, the Court entered an order dismissing the Complaint ("Dismissal Oder 3"). (Civil Action No. 1:14-cv-1577-TWT, Doc. 12).

A true and correct copy of the Dismissal Order 3 is attached hereto and incorporated herein by reference marked as **Exhibit E.**[8]

On April 27, 2016, Plaintiff filed a Complaint for Damages in the Superior Court of Fulton County, Georgia, Case No. 2016CV274425 (hereinafter "Hill #7") against MERS, and The Bank of New York Mellon f/k/a The Bank of New York, as trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58., and amended the Complaint on May 18, 2016. On June 20, 2018, Plaintiff voluntarily dismissed the Hill #7 matter. (Superior Court of Fulton County Civil No. 2016CV274425).

On March 23, 2018, Plaintiff filed aa Complaint in the Superior Court of Fulton County, Georgia, Case No. 2018CV302813 (hereinafter "Hill #8"), and on July 26, 2018, Plaintiff filed an Amended Complaint. The Amended Complaint Plaintiff again named America's Wholesale Lender as the Defendant asserting claims for Quiet Title, Declaratory Judgment, and various claims related to her mortgage loan in an attempt to avoid foreclosure. On September 27, 2018, Defendant AWL removed the Hill #8 matter to this Court (Civil Action No. 1:18-cv-04530-TWT-JFK). The Complaint in this matter Hill# 8, includes claims arising out of the same operative facts, involving the same loan and the same

[8] *See* Footnote 5.

property, asserting claims that were previously asserted, or that could have been asserted, against the same Defendant. As such, Defendant now moves to dismiss Plaintiff's Complaint in its entirety with prejudice again.

## III. ARGUMENT AND CITATION OF AUTHORITIES

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in Plaintiff's Amended Complaint must be accepted as true and construed in the light most favorable to Plaintiff. *See Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008). However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must state a cause of action that is "plausible on its face." *Kendall v. Thaxton Road LLC*, 443 Fed. App'x 388, 390 (11th Cir. 2011).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of

his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009).

**B. Plaintiff's Claims Against Defendants Are Barred By Res Judicata and Collateral Estoppel.**

The Complaint must be dismissed because Plaintiff's claims are barred by the doctrine of *res judicata*. All seven prior complaints of this Plaintiff involved the same operative facts, identical parties or parties in privity with them, and many of the same claims and theories for relief as alleged in the case at bar. "Res judicata is a doctrine of claim preclusion; it refers to 'the preclusive effect of a judgment in foreclosing re-litigation of matters that should have been raised in an earlier suit.'" *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1470 (11th Cir.

1986) (quoting *Migara v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). "Barring a claim on the basis of res judicata is a determination of law." *Ragsdale v. Rubbermaid, Inc.*, 193 F. 3d 1235, 1238 (11th Cir. 1999).

Plaintiff's claims have already been litigated over the last eight (8) years in the United States District Court for the Northern District of Georgia, and Superior Court of Fulton County, with said claims having been previously dismissed with prejudice by Courts of competent jurisdiction. As such, they are barred by *res judicata* and collateral estoppel. *See* **Exhibits C, D and E, Dismissal Order 1, 2 & 3.**

**1. Plaintiff's Claims Are Barred By Res Judicata.**

Under the doctrine of *res judicata*, "also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *Kaiser Aerospace & Elec. Corp. v. Teledyne Indus. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1296 (11th Cir. 2001). A party seeking to invoke the doctrine of *res judicata* must satisfy four initial elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Id.*

As demonstrated below, Plaintiff's current lawsuit undoubtedly is barred by *res judicata*.

### 2. There Was Adjudication On The Merits By a Court of Competent Jurisdiction By The Superior Court of DeKalb County, Georgia.

The record conclusively establishes that the first two elements of *res judicata* are satisfied. On February 28, 2012, a final judgment was entered by this Court against Plaintiff in Hill #1 dismissing the case with prejudice. *See Hill v. Bank of America, Inc.*, No. 1:11-CV-02991-JOF, Doc. 16. Consequently, the judgment in the previous Hill #1 action was by a Court of competent jurisdiction and "operates as an adjudication upon the merits of the action." *See* Fed. R. Civ. P. 41(b). Further, this was affirmed by the 11th Circuit Court of Appeals by Order dated March 12, 2013. *See Hill v. Bank of Am., Inc.*, 512 F. App'x 905 (11th Cir. 2013). In addition, a final judgment was entered by the Superior Court of Fulton County against Plaintiff in Hill #4 dismissing the case with prejudice on the grounds of *res judicata* and collateral estoppel. *See Hill v. America's Wholesale Lender, et al*., Civil Action No. 2014CV242753, Final Order (Fulton Cnty. Super. Ct. June 4, 2014). The judgment in the previous Hill #4 action was also by a Court of competent jurisdiction and "operates as an adjudication upon the merits of the action." *See* Fed. R. Civ. P. 41(b).

The District Court and the Superior Court of Fulton County, Georgia entered Dismissal Orders 1, 2 and 3, dismissing Plaintiff's claims with prejudice. The District Court and Fulton County Superior Court had personal jurisdiction over Plaintiff and Defendant, and Property is located in Fulton County. *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534 (11th Cir. 1993). The Courts clearly considered the merits of the motions to dismiss and granted the motions to dismiss. *Johnson v. Girl Scouts of the USA*, 596 Fed. App'x 797 (11th Cir. 2015) ("When determining whether there was an adjudication on the merits by a court of competent jurisdiction, a Georgia state-court dismissal for failure to state a claim is an adjudication on the merits with prejudice."). As a result, the first two elements of the *res judicata* analysis are satisfied. *See* **Exhibits C, D, and E.**

### 3. Plaintiff's First Case Involved The Same Parties Or Their Privies.

Privity describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty. *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986). This relationship between the party and nonparty may be one of several types, including where the party and nonparty have concurrent interests in the same property right. *McCulley v. Bank of America. N.A., et al.*, 605 Fed. Appx 875 (11th Cir. 2015).

Likewise, the third element of *res judicata* is satisfied. Hill #1 named BANA and Countrywide (of which America's Wholesale Lender is a trade name, *see* fn.1), including BACHLS and CWHLS, among other parties, as Defendants. Hill #4 also named AWL, BNYM, Bayview, and MERS. In addition, AWL, MERS and BNYM are considered in privity with Countrywide for purposes of *res judicata*. AWL is a trade name for Countrywide and AWL was the original lender. At all relevant times, MERS acted as nominee for AWL and AWL's successors and assigns and is therefore in privity with AWL. Likewise, BNYM is the assignee of the Security Deed from MERS. In Georgia, BNYM would be considered in privity with AWL:

> A party has been held to be in privity with a party to the former litigation when he bears the relationship of successor to a predecessor in title, a cestui que trust to a trustee or quasi-trustee, a beneficiary in estate to an administrator, a principal to an agent or agent to a principal, a city to its treasurer; and in class actions, where a party is one of a group of municipal taxpayers or citizens in whose behalf expressly or by necessary implication the former suit was brought by a taxpayer or property owner upon a matter of public and general interest to all other taxpayers of such political subdivision.

*College Park Land Co. v. Mayor, etc., of College Park*, 48 Ga. App. 528, 528-29, 173 S.E. 239, 240 (1934) (emphasis added). Similarly, Bayview is the new servicer, and as such, is in privity with BANA. The only additional parties to this action are the individuals named in their corporate capacities and CWMBS, Inc.

However, the named corporate individuals are affiliated with AWL, BONYM, and MERS. Further, CWMBS, Inc. is not identified anywhere in the body of the Complaint, nor does Plaintiff allege the nature of its relationship to this lawsuit. Therefore, apart from the clearly irrelevant joinder of CWMBS, Inc., the parties are either identical or substantially the same as in Hill #1, Hill #4, and Hill # 6 all of which were adjudicated to final judgment on the merits.

Plaintiff's Hill # 1, Hill # 4, and Hill # 6 named either AWL, BANA or BONY[9] as defendants. AWL – AWL is a d/b/a for Countrywide - BANA and BONY are the original lender, servicer, and owner of Plaintiff's mortgage loan. *See* **Exhibits A, and B.** Accordingly, Defendant AWL, Countrywide and BONY as the current assignee of the Security Deed, are in privity. Defendant AWL, Countrywide and BONY shared an interest in originating collecting the debt owed by Plaintiff and enforcing the same property rights, including exercising the power of sale provisions in the Security Deed, which was secured by the Property. *Bailey v. Deutsche Bank Trust Co.*, No. 3:13-CV-00001-CAR, 2013 WL 820411, at *3 (M.D. Ga. Mar. 5, 2013) (finding that a trustee is in privity with its loan servicer because they share a concurrent interest in collecting the indebtedness and enforcing the same property right); *Bouldin v. Mortgage Electronic Registration*

[9] Wells Fargo Bank, N.A. is a successor by merger to Wachovia Bank, N.A.

*Systems, Inc., et al.*, No. 1:14-cv-3214-TCB-RGV, 2015 WL 11517084 (N.D. Ga. Feb. 5, 2015).

As such, Defendants BONY and AWL were named as defendants in the Hill #1, Hill # 4 and Hill # 6 cases, and they are in privity for purposes of *res judicata*.

#### 4. Plaintiff's First Case Involved The Same Operative Facts As The Current Lawsuit.

Finally, the Complaint and Amended Complaint in Hill #1, as well as the Complaint in Hill #4 and Hill # 6, and the instant lawsuit arise out of the same "nucleus of operative facts," and must be treated as presenting the "same cause of action" for purposes of *res judicata*. "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990) (internal quotation marks and citation omitted); *see also NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990) ("Res judicata applies not only to the precise legal theory presented in the prior case, but to *all legal theories and claims arising out of the same nucleus of operative fact*." (emphasis added)); *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) (explaining that *res judicata* "bars re-litigation of matters that . . . could have been litigated in [the] earlier suit"). For

purposes of the same causes of action prong of the *res judicata* analysis, courts should determine whether both cases arise out of the same operative facts:

> [T]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.

*Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1239 (11th Cir. 1999) (citations and quotations omitted). Moreover, if the claims in the new lawsuit could have been raised in the prior lawsuit, then *res judicata* applies. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).

Here, the claims asserted in Hill #1, Hill #4, and Hill # 6 and the current lawsuit arise from the same Property and mortgage loan. Hill #1, Hill #4, Hill # 6 and the instant action all relate to Defendants' servicing of the loan and pursuit of foreclosure. All prior lawsuits specifically allege that Defendants in those suits or parties in privity with them, named in this lawsuit, improperly handled Plaintiff's two attempts to apply for a loan modification or improperly pursued foreclosure. Two prior lawsuits specifically allege that Bank of America did not fully respond to Plaintiff's QWR. All prior lawsuits challenge the Assignment of the Deed from MERS, as nominee for AWL (a trade name for Countrywide), to BNYM. In

Plaintiff's most recently dismissed action, as in the case at bar, Plaintiff argues the assignment was invalid based on the fact that AWL did not exist. Plaintiff amends her legal theory in the present case only by adding allegations that Defendants have no standing to foreclose on her property because the only real parties in interest are the investors of the securitized mortgage trust to which her loan was sold, as reflected by the Assignment. Notably, the Assignment which forms the crux of Plaintiff's current claims was executed and recorded in June of 2011 before Plaintiff filed Hill #1 on or about July 29, 2011, so Plaintiff was or should have been aware of the Assignment and any alleged deficiencies at the time she filed Hill #1, and especially at the time she filed Hill #4 on or about February 25, 2014 (approximately three months prior to Plaintiff's filing the present action). Accordingly, because Plaintiff's instant lawsuit arises out of the same "nucleus of operative fact" and is based on the same factual predicate as Plaintiff's previous lawsuits, they are deemed to present the same cause of actions.

Here, Plaintiff not only could have raised the same causes of action in the Hill # 1, Hill # 4, and Hill # 6, but she appears to actually be making the same baseless arguments and erroneous legal conclusions in the prior lawsuits and the current lawsuit. **Exhibits C, D and E.** There should be no dispute that Plaintiff had every opportunity to raise any matter related to Defendant's alleged

wrongdoing in the prior cases relating to the loan origination, the Security Deed, Assignment, and the any foreclosure sale. Therefore, based on *res judicata*, the Court should dismiss Plaintiff's current lawsuit.

**C. Plaintiff's Claims Are Barred By Collateral Estoppel.**

The Complaint must be dismissed because the Plaintiff's claims are barred by the doctrine of collateral estoppel. Collateral estoppel, or issue preclusion, bars the re-litigation of issues of fact or law that were actually litigated and decided in a prior suit. *CSX Transp., Inc. v. Bhd of Maint. Of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir. 2003). A party seeking to apply the doctrine of collateral estoppel must establish: (1) the issue at stake is identical to one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue must have been a critical and necessary part of the judgment in the prior litigation; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior litigation. *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171 (11th Cir. 2013). Unlike *res judicata*, collateral estoppel is not limited to actions between the same parties and their privies. *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1473 (11th Cir. 1986) ("A defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff.").

For collateral estoppel to apply, Plaintiff's claims in the current action do not have to be identical to the claims asserted in the Hill # 1, Hill # 4, and Hill # 6 cases. Rather, the issues that were previously litigated in the prior cases may not be re-litigated in the current case. Plaintiff cannot dispute that she did or could have litigated all of these issues in the prior lawsuit. Indeed, Plaintiff actually raised most of the same arguments, issues and facts in the prior cases, and the Trial Court granted multiple motions to dismiss which dismissed Plaintiff's Hill # 1, Hill # 4, and Hill # 6 cases with prejudice. All issues raised in this action were actually litigated and decided in the prior actions. As a result, Plaintiff may not re-litigate the same issues under any possible cause of action due to collateral estoppel. Accordingly, Plaintiff's Complaint is barred by the doctrine of collateral estoppel. In turn, Plaintiff's Complaint should be dismissed with prejudice based upon the doctrine of collateral estoppel.

Accordingly, Plaintiff's Complaint is barred by the doctrines of *res judicata* and collateral estoppel. These longstanding principles are applied to protect defendants from harassment, abusive litigation, and from defending duplicative claims from the same parties. As noted by the 11th Circuit, "[t]hree or four lawsuits over one" litigated issue, in this case a piece of property, "is enough." *Riccard v. Prudential Ins. Co.*, 307 F. 3d 1277, 1295 (11th Cir. 2002). For this

reason alone, this lawsuit should be promptly and expediently dismissed in its entirety as a matter of law with prejudice.

**D. Plaintiff fails to state a claim for quiet title under O.C.G.A. §§ 23-3-60, *et seq.***

Plaintiff has failed to meet the statutory requirements to assert a quiet title claim. Plaintiff has failed to tender the amount due under the Security Deed. Finally, Plaintiff does not hold current record title, or current prescriptive title to the Property. Accordingly, Plaintiff cannot state a claim for quiet title as a matter of law, and the claim should be dismissed with prejudice.

**1. Plaintiff Lacks Current or Prescriptive Title to the Property.**

In order to state a claim for quiet title, a plaintiff must allege that he holds current title or current prescriptive title. *Cunningham v. Gage*, 301 Ga. App. 306, 308, 686 S.E.2d 800 (2009). A plaintiff must assert that he holds some current title or current prescriptive title, and a "security deed operates as an absolute conveyance of title until the secured indebtedness is fully paid." *Connolly v. State*, 199 Ga. App. 887, 406 S.E.2d 222 (1991); *In re Rivermist Homeowners Ass'n*, 244 Ga. 515, 518, 260 S.E.2d 897 (1979); *Thomas v. Stedham*, 208 Ga. 603, 606, 68 S.E.2d 560 (1952) ("Before the grantor in a security deed would become

reinvested with title, he must pay or offer to pay the debt for which the security deed was given."); O.C.G.A. § 44-14-60.

Plaintiff is not entitled to relief on his claim for quiet title because any right to legal title to the Property he has is subordinate to Defendant BONY's rights under the Security Deed. *Smith v. Georgia Kaolin Co., Inc.*, 269 Ga. 475, 498 S.E.2d 266 (Ga. 1988) (in an action for quiet title, a plaintiff must assert that he holds some current record title or current prescriptive title, in order to maintain his suit). Plaintiff lacks current or prescriptive title to the Property. When Plaintiff executed the Security Deed, he granted Defendant Countrywide, and their successors and assigns, legal title to the Property until the debt secured by the Security Deed is paid in full. Plaintiff retained only the equitable right of redemption and the right of possession. *See* O.C.G.A. § 14-44-60 "[T]he conveyance of real or personal property shall pass the title of the property to the grantee until the debt or debts which the conveyance was made to secure shall be fully paid . . . with the right reserved by the grantor to have the property reconveyed to him upon payment of the debt . . . ."; *see also McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 543 S.E.2d 755, 757 (Ga. Ct. App. 2000).

In this case, Paragraph 26 of the Security Deed expressly provides: "This conveyance is to be construed under the existing laws of the State of Georgia as a

deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby." **Exhibit A, ¶ 26**. Plaintiff admits that he signed the Security Deed conveying the Property to MERS as nominee for the Lender and its successors and assigns. **Exhibit A, p. 1**. Plaintiff does allege that the Security Deed has been cancelled or that the loan has been satisfied. Rather, Plaintiff alleges that "America's Wholesale Lender fraudulently represented it was a New York Corporation, when it was not, making the Security Deed invalid and void, without legal force or effect and cannot be used as a pretext to initiate and accomplish or effectuate a non-judicial foreclosure sale of the property. Plaintiff has standing to challenge these clouds against title because there is no valid Security Deed . . . capable of being legally foreclosed." [Doc. 1-1, at 6, ¶ 19].

By operation of law and the express language in the Assignment and Security Deed, the rights of the Security Deed were transferred to Defendant BONY. *See* O.C.G.A. § 44-14-64(b); *Montgomery v. Bank of America*, 321 Ga. App. 343, 740 S.E.2d 434 (2013); *Larose v. Bank of Am., N.A.*, 321 Ga. App. 465, 740 S.E.2d 882 (2013); and **Exhibit B.** As a result, his claim for quiet title failed as a matter of law, and the claim should be dismissed with prejudice.

Also, it appears that Plaintiff is asserting a claim to invalidate the Note and Security Deed, because the entity known as America's Wholesale Lender was not

incorporated in the State of New York, and therefore, the Security Deed is fraudulent at its inception since Plaintiff contracted with a non-existent entity. However, Plaintiff fails to grasp the distinction that "America's Wholesale Lender", which is a trade name and d/b/a for Countrywide Home Loans, Inc., as the entity listed on the Note and Security Deed. *Silver v. Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender*, 483 Fed. Appx 568 (11th Cir. 2012); *See* Exhibit **A.** This claims fails to state a claim for relief. *See Fraley v. America's Wholesale Lender, et al.*, No. 1:13-CV-03151-HLM (N.D. Ga. Oct. 29, 2013) [Doc. 14, at 10-14].

**2. <u>Plaintiff Has Failed To Tender The Amount Due On the Loan.</u>**

Plaintiff must pay or offer to tender the entire debt secured by the Security Deed before seeking the equitable remedy of quiet title. *Warthen v. Litton Loan Servicing, LP*, No. 1:11-cv-02704-JEC, 2012 WL 4075629, at *5 (N.D. Ga. Mar. 26, 2012) (dismissing quiet title action for failure to tender amount due on loan). Under Georgia law, one is also not entitled to the equitable remedy of cancellation of a mortgage or deed of trust unless one has paid off the underlying obligation. *See generally Taylor, Bean & Whitaker Mortgage Corp. v. Brown*, 276 Ga. 848, 583 S.E.2d 844 (2003) (reversing the trial court's decision to cancel a security deed after a borrower obtained a default judgment against MERS and partial summary

judgment against MERS and Taylor, Bean & Whitaker Mortgage Corp.). Additionally, O.C.G.A. § 23-1-10 provides that "[h]e who would have equity must do equity." "Equity will not decree the cancellation of an instrument where anything of value has been received until repayment is either made or tendered, or the defendant has stated that, should a tender be made, it would be refused." *Wilson v. McAteer*, 206 Ga. 835, 59 S.E.2d 252 (1950).

In this case, Plaintiff has not alleged that she has satisfied the loan obligations or paid the Security Deed. Plaintiff has not even alleged that she is ready and willing to tender payment of the Security Deed. Thus, when Plaintiff executed the Security Deed, he granted to Defendant legal title to the Property until the debt secured by the Security Deed is paid in full. Plaintiff retained only the equitable right of redemption and the right to possession. *See* O.C.G.A. § 14-44-60. Accordingly, Defendant BONY, as the current holder of the Security Deed, holds current title to the Property, and Plaintiff is not entitled to quiet title without first tendering the total amount due under the Security Deed. As a result, Plaintiff has failed to state a claim quiet title as a matter of law and equity.

**3. Plaintiff Has Failed Comply With The Statutory Requirements to State a Claim for Quiet Title.**

The requirements for an action to quiet title are set forth in O.C.G.A. § 23-3-62, *et seq*. Plaintiff's Complaint does not comply with O.C.G.A. § 23-3-62, which

requires, *inter alia*, all petitions to quiet title to be filed with "(1) a plat of survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon which the petitioner's interest is based, and (3) a copy of the immediate instrument or instruments of record or otherwise known to the petitioner, if any, upon which any person might base an interest in the land adverse to the petitioner." *Id.* Strict compliance is required in order to maintain a quiet title action. *See Mann v. Blalock*, 286 Ga. 541, 543 (2010) (holding that quiet title action "was procedurally deficient as a matter of law" because the petition for quiet title failed to follow the "specific rules of practice and procedure"); *Joseph v. CitiMortgage*, No. 1:11–CV–2768–TWT, 2011 WL 5156817, at *2 (N.D. Ga. Oct. 27, 2011) (dismissing quiet title action for plaintiff's failure to file plat of survey of the land).

In the instant matter, O.C.G.A. § 23-3-62(b) requires that a copy of the "immediate instrument or instruments of record or otherwise known to the petitioner, if any, upon which any person might base an interest in the land adverse to the petitioner" be attached to the petition. Here, Plaintiff failed to attach a copy of the Security Deed and Assignment. Plaintiff's Complaint failed to comply with the statutory and procedural requirements required in O.C.G.A. § 23-3-62. *GHG, Inc. et al. v. Bryan et al.*, 275 Ga. 336, 556 S.E.2d 662 (2002) (holding that a petition is subject to dismissal when on the face of the pleading it appears that it is

not in compliance with O.C.G.A. § 23-3-62). As such, Plaintiff's claim for quiet title fails as a matter of law, and should be dismissed with prejudice.

**E. Plaintiff Fails To State A Claim For Fraud.**

It appears that Plaintiff is asserting a claim for fraud based the same erroneous allegations that America's Wholesale Lender was not in existence when Plaintiff executed the Security Deed. [Doc. 1-1]. To the extent Plaintiff is attempting to state a claim for fraud this claim utterly fails. Plaintiff has not plead that Defendant actually made any fraudulent statements. Moreover, Plaintiff has not pled this fraud claim with particularity, and Plaintiff has not adequately pled reliance or that she has been damaged - aside from the formulaic recitation. Plaintiff has not alleged reliance upon the purported misrepresentations, or that they has been damaged thereby. For these reasons, Plaintiff's fraud claim should be dismissed with prejudice.

Under Georgia law, the tort of "fraud" has five essential elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages. *Lehman v. Keller*, 297 Ga. App. 371, 372-73 (2009); *Johnson v. GAPVT Motors, Inc.*, 292 Ga. App. 79, 82, 663 S.E.2d 779 (2008). Furthermore, under Fed.R.Civ.P. 9(b), a party must state with particularity "the circumstances

constituting fraud." *Currie v. Cayman Res. Corp.*, 595 F. Supp. 1364, 1372 (N.D. Ga. 1984) (holding under Rule 9(b), a pleader must "include all the elements of fraud" and must "specifically aver the circumstances constituting fraud").

Moreover, to allege fraud with particularity and avoid dismissal for failure to comply with Rule 9(b), a plaintiff's complaint must set forth the following:

> (1) Precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; and (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross and Blue Shield of Fla.*, 116 F.3d 1364, 1371 (11th Cir. 1997); *Georgia ex rel. Saunders v. Mortgage Elec. Registration Sys.*, 2011 U.S. Dist. LEXIS 37982, *25-26 (N.D. Ga. Mar. 11, 2011).

Plaintiff has not identified any false misrepresentations, or promises made by Defendant. Furthermore, Plaintiff has not alleged any detrimental reliance upon the purported misrepresentations, or that she has been damaged. Additionally, all of Plaintiff's accusations are insufficiently specific. Thus, Plaintiff fails to meet the standards outlined in *Brooks* requiring specificity in the circumstances of the misrepresentations or omissions, including identification of the person making the statements, the dates and times of the misrepresentations, and that the alleged

misrepresentations were intentionally made to benefit Defendant. *Brooks*, 116 F.3d at 1371. Merely stating legal buzzwords is completely insufficient to establish any cause of action, let alone one that requires heightened pleading like fraud. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570. This claim should be dismissed with prejudice

Even accepting Plaintiff's flawed logic that America's Wholesale Lender did not exist at the time of execution of the Security Deed, Plaintiff would still be bound by the contract. "If a contract is entered into by the agent in the name of a nonexistent principal, the inference is that the agent is bound on it." *Nationwide Mortg. Servs., Inc. v. Troy Langley Const., Inc.*, 280 Ga. App. 539, 542, 634 S.E.2d 502 (2006). If America's Wholesale Lender did not exist, then in such an instance, then Security Deed would not have been void, but rather, the obligation of the agent executing the same. Plaintiff's claim to invalidate the Security Deed also fails because of the additional equitable defense of ratification. Ratification is conduct that indicates an intention, with full knowledge of the facts, to affirm a contract which the person did not enter into or which is otherwise void or voidable. If a party knows of the wrongful conduct at issue, does not reject it, and takes any material act inconsistent with intent to avoid it or delays in asserting any remedial

rights, then the party ratifies the transaction. *Citron v. Wachovia Mortg. Corp.*, 922 F.Supp.2d 1309, 1321 (M.D. Fla. 2013).

To the extent Plaintiffs are attempting to state a claim for either fraud, and thereby void their mortgagees these claims also fail. Plaintiffs fail to properly allege that either Defendants committed fraud or fraudulent concealment (Compl.). Plaintiffs have not pleaded this fraud claim with particularity, and Plaintiff has not adequately pled reliance or that she has been damaged. For these reasons, Plaintiff's fraud claim should be dismissed with prejudice.

In addition, Plaintiff's claims for fraud all relate to the origination of her loan more than thirteen (13) years prior to the filing of the Complaint, and are all barred by the statute of limitations. Under Georgia law, a fraud claim must be brought within four (4) years after the cause of action has accrued, which is the time of injury. O.C.G.A. § 9-3-31; *Hanna v. McWilliams*, 213 Ga. App. 648, 650 (1994); *Shapiro v. S. Can Co.*, 185 Ga. App. 677, 362 S.E.2d 518, 519 (1988); *Paul v. Destito*, 250 Ga. App. 631, 550 S.E.2d 739 (2001). The limitation period can be tolled "until the fraud is discovered or by reasonable diligence should have discovered." *Shipman v. Horizon Corp.*, 245 Ga. 808 (1980); O.C.G.A. § 9-3-36. A party may fail to exercise due diligence as a matter of law. *McClung Surveying v. Worl*, 247 Ga. App. 322, 541 S.E.2d 703 (2000); *Webb v. Rushing*, 194 Ga. App.

732, 733, 391 S.E.2d 709 (1990) ("The law does not afford relief to one who suffers by not using the ordinary means of information, whether the neglect is due to indifference or credulity. When the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of those means he will not be heard to say, in impeachment of the contract of sale, that he was deceived by the vendor's representations or lack thereof.").

Moreover, notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. *Real Estate Intern., Inc. v. Buggay,* 220 Ga. App. 449, 469 S.E.2d 242 (1996). Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of the parties. *Lehman v. Keller,* 297 Ga. App. 371, 677 S.E.2d 415 (2009).

In this case, Plaintiffs asserts vague formulaic allegations of fraud regarding the loan origination. [Doc. 1-1, at 8-11. All of these purported fraudulent statements occurred more than four years prior to the filing of the Complaint. Furthermore, as a matter of law, Plaintiff cannot show that the four year statute of limitations for fraud should be tolled. Accordingly, Plaintiff's claims for fraud are barred by the statute of limitations, and should be dismissed with prejudice.

### F. Plaintiff Fails to State a Claim for MERS Liabilities Under O.C.G.A. § 14-2-204. Third Cause of Action.

Despite Plaintiff's allegations, MERS's role in the assignment of security deeds is uncontroversial and Georgia courts have consistently and repeatedly recognized MERSs' authority to assign a security deed in which MERS is named as the grantee or nominee. *Montgomery v. Bank of America*, 321 Ga. App. 343, 740 S.E.2d 434 (2013); *see also Larose v. Bank of Am., N.A.*, 321 Ga. App. 465, 740 S.E.2d 882 (2013) (holding that a borrower has no standing to challenge assignments of a security deed.); *The Harpagon Company, LLC v. Moore*, Civil Action No. 2009CV167758, Superior Court of Fulton County, Georgia, Feb. 1, 2011).

Therefore, Plaintiff's claims attacking the validity of MERS and the assignment of security deeds fails as a matter of law and should be dismissed.

### G. Plaintiff Fails to State a Claim for Declaratory and Injunctive Relief.

Plaintiff states that she seeks a Declaratory Judgment and Injunctive Relief to void and cancel the mortgages due to purported violations of public policy [Doc. 1-1, at 8-10]. In Georgia, a claim for declaratory relief will only survive a motion to dismiss if the facts or circumstances are pled showing a necessity to "protect the plaintiff from uncertainty and insecurity with regard to the propriety of some *future* act or conduct which is properly incident to the plaintiff's alleged rights and which

*future* action, without such directions, might reasonably jeopardize the plaintiff's interest" *Henderson v. Alverson,* 217 Ga. 541, 123 S.E.2d 721 (1962) (emphasis added).

Thus, to properly pursue a declaratory judgment under Georgia law "[a] party must establish that [a declaratory judgment] is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests." *Porter v. Houghton*, 542 S.E.2d 491, 492 (Ga. 2001). Further, no declaratory judgment may be obtained which merely answers a moot or abstract question. *Shippen v. Folsom,* 200 Ga. 58, 35 S.E.2d 915 (1945). Declaratory relief is intended "[t]o settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." O.C.G.A. § 9-4-1. "[W]here the rights of the parties have already accrued and there are no circumstances showing any necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest, the plaintiff is not entitled to a declaratory judgment." *State Farm Mut. Auto. Ins. Co. v. Hillhouse*, 131 Ga. App. 524, 525 (1974).

In the case *sub judice* no uncertainty exists about any future action by Plaintiff or Defendant in this case. Plaintiff asserts claims relating to the Note, Security Deed, and Assignment, and alleged violations of public policy – all material rights have accrued based upon past events, thus, Plaintiff fails to plead the likelihood of future harm that would authorize this Court to exercise its power to issue a declaratory judgment. No uncertainty exists about future action by Plaintiffs in this case. Therefore, on the facts of this case, a declaratory judgment in unavailable because all material rights have accrued based upon past events and what Plaintiffs seek is an advisory opinion on the validity of the future act of Defendants. *Logan Paving Co. v. Peoples Bank & Trust*, 395 S.E.2d 287, 289 (Ga. Ct. App. 1990). To the extent there are any claims related to Defendants' involvement with the Note, Security Deed, or Assignment based upon public policy – no such claims exist – the proper action would be a claim for damages rather than declaratory relief. As such, Plaintiffs' claim for declaratory relief is subject to dismissal for failure to state a claim upon which relief can be granted.

**H. Plaintiff Fails to State a Claim for Slander of Title.**

Plaintiff utterly fails to plead sufficient facts to support a slander of title claim against Defendants Under Georgia law, "[t]he owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously

impugn his title if any damage accrues to him therefrom." O.C.G.A. § 51–9–11. To support an action for slander of title, a plaintiff must allege "the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." *Latson v. Boaz*, 278 Ga. 113, 114, 598 S.E.2d 485, 487 (2004). In order for slander to arise, there must be publication to a third party. *Walker v. Georgia Bank & Trust of Augusta,* No. CV 114-155, 2014 WL 5591045, at *4 (S.D. Ga. Nov. 3, 2014) (dismissing slander of title claim at the motion to dismiss stage). Moreover, the plaintiff "c[an] recover only such special damages as [he] actually sustained as a consequence of the alleged wrongful acts, and [he is] required to plead them plainly, fully, and distinctly." *Latson v. Boaz,* 278 Ga. at 114, 598 S.E.2d at 487; *see also Coast v. Bank of New York Mellon Trust (N.Y.BMT), N.A.,* No. 1:13-CV-991-WSD, 2013 WL 5945085, at *6 (N.D. Ga. Nov. 6, 2013) ("Failure to adequately plead special damages defeats a claim for slander of title."); *Peterson v. Merscorp Holdings, Inc.,* No. 1:12-CV-00014-JEC, 2012 WL 3961211, at *3 (N.D. Ga. Sept. 10, 2012) (noting that "bare allegations are not sufficient to properly plead special damages" for a slander of title claim).

Plaintiffs' slander of title claim is subject to dismissal for several reasons. First, Plaintiff does not allege any facts showing that Defendant actually published

false statements to a third party. [Doc. 1-1, at 10]. Second, Plaintiff makes conclusory allegations regarding the falsity of real property records, and information supplied to credit reporting agencies; however, other than vague and conclusory allegations, Plaintiff does not specifically allege false statements. *Id.* Finally, Plaintiff slander of title claim must be dismissed because Plaintiffs utterly fail to plead special damages as is required to state a claim for slander of title and survive a motion to dismiss. *Id.* Accordingly, the Court should dismiss Plaintiffs' slander of title claim against Defendant.

### I. Plaintiff Has Failed to Allege Sufficient Facts to State a Claim for Breach of Contract and Wrongful Foreclosure.

The *sine qua non* of any breach of contract claim is a well pled material breach of the alleged contract. *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1272 (11th Cir. 2009). For a plaintiff to establish a claim for breach of contract, the plaintiff must first set forth facts alleging the existence of a contract. *Eastview Healthcare, LLC v. Synertx, Inc.*, 296 Ga. App. 393, 398-99 (2009). Once the existence of a contract is established, a plaintiff may recover damages for breach of contract if the plaintiff shows the following: (1) their performance under the contract; (2) defendant breached the contract; and (3) the breach caused the plaintiff harm. *Jones v. Central Builders Supply Co., Inc.,* 217 Ga. 190, 195-96, 121 S.E.2d 633, 638 (1961) (citations omitted). "The party asserting the existence

of a contract has the burden of proving its existence and its terms." *Torres v. Elkin*, 317 Ga. App. 135, 141, 730 S.E.2d 518, 523 (2012); *see also* O.C.G.A. § 13-3-1.

Plaintiffs' breach of contract claim appears to be predicated solely on the alleged failure to of banking laws and the status of AWL. (Compl. ¶ 19). Aside from these formulaic recitations, Plaintiffs have failed to establish that Defendants breached any contractual duty, and that Plaintiffs has been damaged. *Canton Plaza, Inc. v. Regions Bank, Inc.*, 315 Ga. App. 303, 732 S.E.2d 449 (2012) (the elements for a breach of contract claim are breach and resulting damages to the party who has the right to complain about the contract being broken). As a result, Plaintiffs cannot maintain a claim for breach of contract.

In sum, Plaintiff has utterly failed to state a claim for relief, and Plaintiff failed to show how they were damaged by any alleged conduct of Defendant.

In support of her wrongful foreclosure claim, Plaintiff generally alleges that none of the Defendant had the right to foreclosure. 1. This completely fails to state a claim upon which relief may be granted for several reasons.

**1. No foreclosure sale occurred and Plaintiff has not stated a claim for wrongful attempted foreclosure.**

First, nowhere in the Complaint do Plaintiff pleads specifically that a foreclosure sale occurred. A party may not state a claim for wrongful foreclosure where no foreclosure sale has occurred. *Olvey v. Bank of America, Corp.*, No.

3:11-cv-183-TCB, at p. 15 (N.D. 2012). Plaintiff never specifically alleges that a foreclosure sale occurred. There are no specific allegations regarding who foreclosed on the Property, when the foreclosure occurred, or who obtained the Property as a result of the foreclosure. Plaintiff does not attach any documents related to the alleged foreclosure to the Complaint. Prior to a foreclosure sale, such claims may be deemed to assert a claim for attempted wrongful foreclosure, which Plaintiff fail to plead.

**2. <u>Plaintiffs' Failure to Tender is Fatal to Her Wrongful Foreclosure Claim.</u>**

Even assuming a foreclosure did occur, Plaintiff has no standing to contest the foreclosure without first tendering the amount due under the loan. *See Taylor v. Wachovia Mortg. Corp.*, No. 1:07-cv-2671-TWT, 2009 WL 249353, at *5 n.6 (N.D. Ga. 2009) (Thrash, J., adopting Vineyard, M.J.) ("Plaintiff has not provided any evidence showing that he tendered the full amount of the loan or any portion thereof. Thus, under Georgia law, plaintiff has no standing to bring an action to enjoin the foreclosure sale."); *Smith Citizens & S. Fin. Corp.*, 245 Ga. 850, 268 S.E.2d 157, 159 (1980); *Michel v. Pickett*, 241 Ga. 528, 535, 247 S.E.2d 82, 87 ("A borrower who has executed a [security deed] is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount admittedly due."). Plaintiffs have not alleged they are ready, willing and able to tender the

full amount due in support of their wrongful foreclosure claim. As Plaintiffs have not alleged tender, their wrongful foreclosure claim fails as a matter of law.

### J. Plaintiff Fails to State a Claim for Breach of the Duty of Good Faith and Fair Dealing.

It appears that Plaintiffs attempt to allege a claim for breach of the implied covenant of good faith and fair dealing. [Doc. 1-1, at 11]. In Georgia, it is well established that "[e]very contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement," but "[t]he law is clear that there exists no independent cause of action for breach of good faith and fair dealing <u>*outside of a claim for breach of contract*</u>." *Cone Fin. Group, Inc. v. Emplrs Ins. Co.*, 2010 U.S. Dist. LEXIS 82820 at 4-5 (M.D. Ga. 2010) (emphasis added); *See also U.S. Faucets, Inc. v. Home Depot U.S.A. Inc.*, No. 1:03-cv-1572-WSD, 2006 WL 1518887, *5 (N.D. Ga. May 31, 2006) (A breach of the implied covenant of good faith and fair dealing cannot be asserted and does not survive independent of a claim for breach of contract); *Stuart Enters. Int'l, Inc. v. Peykan, Inc.*, 555 S.E.2d 881, 884 (Ga. App. 2001); *See also Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990). A general allegation of breach of good faith and fair dealing unrelated to a specific contract provision is not actionable. *Tart v. IMF Energy Sys. Of Am., Inc.*, 374 F.Supp.2d 1172, 1182 (N.D. Ga. 2005).

Here, Plaintiff broadly assert that Defendant breached their duty of good faith and fair dealing, purportedly violating the GRMA. [Doc. 1-1, at 11]. However, Plaintiff fails to allege a breach of a specific term of a contract, or how this alleged violation resulted in harm. The only contract which existed between the parties was the Note and Security Deed, and Plaintiff has not alleged that Defendant breached any specific terms of the Note and Security Deed. Without a breach of a specific provision of a contract, there can be no independent claim that Defendants breached the implied covenant of good faith and fair dealing. *See Cone Fin. Group, Inc.*, 2010 U.S. Dist. LEXIS 82820 at 4-5 (M.D. Ga. 2010) (holding that general allegations of breach of the implied covenant of good faith and fair dealing which are not tied to a specific contract provision are not actionable). Plaintiff only makes vague, generalized allegations that Defendant breached the implied covenant of good faith and fair dealing, and as such, this claim also should be dismissed with prejudice.

**K. Plaintiff Fails to State a Claim for Punitive Damages.**

To the extent Plaintiff is asserting a claim for punitive damages, such claim fails as a matter of law. It is well-settled that punitive damages are derivative of substantive claims, and failing to recover on an underlying tort claim necessarily prohibits punitive damages as a matter of law. *See Haynes v. Cyberonics, Inc.*,

2011 U.S. Dist. LEXIS 99738 at *32 (N.D. Ga. Sept. 6, 2011); *Benefit Support, Inc. v. Hall County*, 281 Ga. App. 825, 833, 637 S.E.2d 763 (2006). Thus, Plaintiffs' request for punitive damages is completely dependent upon and derivative of the success of their underlying substantive causes of action. *See Ellison v. Ford Motor Co.*, 650 F. Supp. 2d 1298, 1306–07 (N.D. Ga. 2009) ("Under Georgia law, a plaintiff can succeed on a claim for punitive damages only if there is a valid claim for actual damages to which it could attach.") (internal citations omitted). Because each of Plaintiffs' substantive claims fails as a matter of law and is subject to dismissal, Plaintiffs' derivative prayer for punitive damages must also be dismissed.

### L. Plaintiff Fails to State a Claim for Attorneys' Fees and Costs.

Plaintiff has failed to state a cognizable claim for attorney's fees. This cause of action should be dismissed because it is not an independent cause of action under Georgia law but rather a remedy. *See Fuller v. Home Depot Services, LLC*, 2007 WL 2345257, at *9 (N.D. Ga. Aug. 14, 2007). An award of attorney's fees is derivative of whether the Plaintiffs prevail on their substantive claims. *See J. Andrew Lunsford Properties, LLC v. Davis*, 257 Ga. App. 720, 722 (2002). Because each of Plaintiffs' substantive claims must be dismissed for failure to state a claim as a matter of law, Plaintiff's derivative claim for attorney's fees also must

be dismissed. Accordingly, Plaintiffs' claims for attorney's fees should be dismissed.

## IV. CONCLUSION

WHEREFORE, Defendant respectfully requests that this Honorable Court will:

(1) Grant Defendant's Motion to Dismiss;

(2) Dismiss the Complaint with prejudice;

(3) Award Defendant reasonable attorney's fees and costs incurred in having to appear and defend against Plaintiff's allegations asserted in the Complaint; and

(4) Grant such other and further relief as this Court deems just and proper.

This 4th day of October, 2018.

/s/ Paul A. Rogers

Paul A. Rogers
Georgia Bar No. 612278
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
404-443-5636 (Telephone)
404-443-5772 (Facsimile)
progers@mcguirewoods.com

*Attorneys for Defendant Countrywide Home Loans, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:18-cv-04530-TWT-JFK |
| | ) | |
| AMERICA'S WHOLESALE LENDER, et al., | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on October 4, 2018, I electronically filed the foregoing ***Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint*** with the Clerk of the Court using the CM/ECF System and served a true and correct copy of same upon the following via First-Class Mail, postage prepaid, addressed to:

Janet Hill
543 Auburn Avenue
Atlanta, Georgia 30312
*Plain Pro Se*

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court, pursuant to L.R. 5.1.

/s/ Paul A. Rogers
Paul A. Rogers