**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JANET HILL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AMERICA'S WHOLESALE LENDER, et al.,**<br><br>**Defendants.** | **CIVIL ACTION NO. 1:18-CV-4530-TWT-CCB** |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's motion to remand the case to the Superior Court of Fulton County, Georgia. (Doc. 10).[1] For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's motion to remand be **GRANTED**.

### I. Background

On July 26, 2018, Plaintiff filed an amended complaint in the Superior Court of Fulton County, Georgia, against America's Wholesale Lender (AWL), as well as against "all persons known or unknown who claim or might claim adversely to

[1] Defendant has filed a motion to dismiss the complaint. (Doc. 4). However, the Court has stayed the briefing schedule on the motion to dismiss pending the Court's resolution of the motion to remand. (Doc. 16).

Plaintiff's title to real property known as 534 Auburn Avenue, Fulton County, Georgia." (Doc. 1-1 at 4). Defendant asserts that America's Wholesale Lender is a "doing business as" name for Countrywide Home Loans, Inc. (Doc. 11 at 1 n.1). Although the amended complaint is not a model of clarity, it appears that Plaintiff is attempting to quiet title to a property located at 534 Auburn Avenue in Atlanta, Georgia. (Doc. 1-1 at 6–7).

Plaintiff first attempted to serve AWL on April 2, 2018, through the office of the Texas Secretary of State. (Doc. 10 at 6–9). That attempt was unsuccessful. *Id.* at 7–8. Plaintiff then attempted service a second time on August 2, 2018, when a Gwinnett County deputy sheriff served AWL with a copy of the summons and complaint through Countrywide's registered agent in Lawrenceville, Georgia. (Doc. 10 at 10). Defendant acknowledges that although AWL is not a legal entity, Plaintiff personally served Countrywide with a copy of both the summons and the complaint when the deputy sheriff served Countrywide's registered agent. (Doc. 11 at 8) ("On August 2, 2018, Plaintiff personally served Defendant Countrywide with a copy of the Summons and Complaint via a Gwinnett County Sheriff's Deputy upon the Registered Agent for Defendant Countrywide."). Plaintiff filed proof of that service in the Superior Court of Fulton County on August 28, 2018.

(Doc. 1-1 at 2). Defendant then filed its notice of removal in this Court on September 27, 2018. (Doc. 1).

Plaintiff—although represented by counsel—filed a *pro se* motion to remand the matter to state court, in which she argues that Defendant's removal was untimely because it was not done within 30 days of August 2, 2018, when Defendant was served with a copy of the summons and complaint. (Doc. 10). Defendant argues that its removal was timely because it was within 30 days of August 28, 2018, when Plaintiff filed the proof of service in superior court which, Defendant argues, is the event that triggered the time for it to answer or otherwise respond to the complaint in that court. (Doc. 11 at 6–9). Plaintiff filed a counseled reply brief in which she reiterates that Defendant's 30-day period for removal began when it was served with a summons and a copy of the amended complaint on August 2, 2018, and not from when proof of that service was filed in the superior court. (Doc. 14 at 3–5).

**II. Discussion**

Under the federal removal statute, a defendant may in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," remove that civil action to federal court. 28 U.S.C. § 1441(a). The time for removing the matter is governed by statute:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). "The thirty-day period is not jurisdictional, but rather is a strictly applied rule of procedure that may not be extended by the court." *Haynes v. BAC Home Loan Servicing, LP*, No. 1:16-CV-428-TWT-AJB, 2016 WL 4231707, at *7 (N.D. Ga. July 14, 2016), *adopted by*, 2016 WL 4177496 (N.D. Ga. Aug. 8, 2016). "In a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *see also Premier Holidays Int'l, Inc. v. Actrade Capital, Inc.*, 105 F. Supp. 2d 1336, 1338–39 (N.D. Ga. 2000) (holding that "[t]he removing party bears the burden of showing not only a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute" (internal alteration and quotation marks omitted)). And in light of the significant federalism concerns inherent in removal jurisdiction, "federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

The Supreme Court analyzed § 1446(b)(1)—which sets forth the 30-day period for removal—in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). The question in that case was whether the 30-day period for removal begins when the defendant is officially summoned to appear or, instead, earlier when the defendant first receives the complaint but before service of process. *Id.* at 347. The Court analyzed § 1446 to require formal service, holding that a defendant's time to remove "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347–48. The Court noted that a defendant is not always summonsed and served with a copy of the complaint at the same time, and it laid out four possible scenarios for how that process might occur and when the 30-day period for removal begins with each:

- First, when the summons and complaint are served together, "the 30-day period for removal runs at once."
- Second, if the defendant is served with a summons but receives the complaint later, "the period for removal runs from the defendant's receipt of the complaint."
- Third, if the defendant is summonsed, the complaint is filed in court,

but the local rules do not require that the complaint be served on the defendant, "the removal period runs from the date the complaint is made available through filing."

- Fourth, "if the complaint is filed in court prior to any service, the removal period runs from the service of the summons."

*Id.* at 354; *see also Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) (noting that, following *Murphy Bros.*, "the time-window in § 1446(b) is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service" (internal quotation marks omitted)).

Here, the question is whether the 30-day period for removal under § 1446(b)(1) began when Plaintiff served Defendant with a copy of the summons and complaint on August 2, 2018, or rather when Plaintiff filed proof of that service in the superior court on August 28, 2018. If the clock started on August 2, then Defendant's notice of removal on September 27 was untimely. But if the period did not commence until August 28, then Defendant met its deadline. The Supreme Court's opinion in *Murphy Bros.* makes clear that the 30-day period began on August 2, meaning that Defendant's notice of removal was untimely.

The Court in *Murphy Bros.* held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint." 526 U.S. at 347–48. That is what happened here. Defendant was simultaneously served with a summons and a copy of the amended complaint on August 2, 2018. (Doc. 1-1 at 2). And Defendant concedes as much. (Doc. 11 at 8) ("On August 2, 2018, Plaintiff personally served Defendant Countrywide with a copy of the Summons and Complaint via a Gwinnett County Sheriff's Deputy upon the Registered Agent for Defendant Countrywide."). Indeed, the facts of this case—simultaneous service of both the summons and complaint—represent the first of the four possible scenarios the Supreme Court identified in *Murphy Bros*. "First," it held, "if the summons and complaint are served together, the 30-day period for removal runs at once." 526 U.S. at 354; *see also Bailey*, 536 F.3d at 1205. Defendant's 30-day period for removing the case, therefore, began on August 2, and it ended on September 3, 2018 (September 1 was a Saturday, which is why Defendant received 32 days in all). Fed. R. Civ. P. 6(a)(1). Defendant's notice of removal was not filed until September 27, 2018, meaning that it was untimely under § 1446(b)(1).

Defendant argues that the starting point should not be the date of service itself, but rather the date that the proof of service was filed in superior court. (Doc.

11 at 7–9).[2] It relies on a Georgia statute, O.C.G.A. § 9-11-4(h), which requires the person serving the process to file proof of service with the court "within five business days of the service date." The statute goes on to provide that "[i]f the proof of service is not filed within five business days, the time for the party served to answer the process shall not begin to run until such proof of service is filed." *Id.* The practical effect of § 9-11-4(h) is to extend the time for a defendant to answer a complaint—normally in Georgia he has thirty days from service to do so—when proof of the service is not filed with the court within five days of when the service occurred. *See, e.g., Summer v. Wasdin*, 788 S.E.2d 573, 575–76 (Ga. Ct. App. 2016) (holding that a defendant's answer was timely, even though it was filed more than 30 days after service, because proof of service was filed more than five days after the service occurred and the answer was within 30 days of when the proof of service was filed).

Defendant's argument about § 9-11-4(h), however, answers the wrong question. The question here is not when Defendant would have been required to answer the complaint in state court, but rather when it was required to file its

[2] The Court agrees with Defendant that Plaintiff's attempt to serve it in Texas did not trigger the 30-day removal period because that service was not effective. (Doc. 11 at 8). And Plaintiff does not contend otherwise. (Docs. 10, 14).

notice of removal in federal court. And because Defendant was simultaneously served with the complaint and summons, its 30-day period for removal began then, *Murphy Bros.*, 526 U.S. at 347–48, 354, regardless of when proof of that service was later filed in superior court and regardless of what effect that proof-of-service filing might have had on the time for answering in state court.[3] Indeed, the Court in *Murphy Bros.* noted that under the predecessor statute to § 1446, a defendant could remove a case at any time prior to when it had to answer the complaint under state law—which meant that the time for removal varied from state to state. 526 U.S. at 351. Congress enacted § 1446 to reduce that disparity and create a uniform time for removal. *Id.* So Defendant's argument—that its time for removal should be the same as its time to answer in state court—is contrary to both the express holding in *Murphy Bros.*, as well as the history of § 1446 itself, which shows that the statute was enacted to reduce the very type of disparity inherent in basing the time for removal to federal court on the time to answer under state law.

---

[3] Georgia law makes clear that even though the proof of service was not filed within five days of when the service occurred, that delay does not affect the validity of the service itself. O.C.G.A. § 9-11-4(h) ("Failure to make proof of service shall not affect the validity of the service.").

## III. Conclusion

Defendant was simultaneously served with the summons and complaint on August 2, 2018. It filed its notice of removal in this Court more than 30 days after service, making the removal untimely. As such, the undersigned **RECOMMENDS** that Plaintiff's motion to remand, (Doc. 10), be **GRANTED** and that this matter be remanded to the Superior Court of Fulton County.[4]

The undersigned further **RECOMMENDS** that Defendant's motion to dismiss the amended complaint, (Doc. 4), be **DENIED AS MOOT**.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED,** this 28th day of February, 2019.

CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff's motion to remand was filed *pro se* at a time when Plaintiff was represented by counsel, in violation of LR 83.1(D)(2), NDGa. Given that counsel for the parties conferred and elected to treat the motion as filed by counsel, (Doc. 11 at 2 n.2), and because the parties filed counseled response and reply briefs, the Court finds that the interests of justice are best served by resolving Plaintiff's motion to remand on the merits.